## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | Case No. CR 08-240-E-BLW |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| MAIRA LENA MEDINA-VILLA, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

On September 15, 2008, the Government filed a Complaint charging Defendant Maira Lena Medina-Villa ("Defendant") with unlawful entry into the United States, a Class B misdemeanor under 8 U.S.C. § 1325 with a maximum sentence of six months incarceration. (Docket No. 1). The Court issued a bench warrant and the Defendant was taken into custody. She waived a detention hearing and was incarcerated for almost a year.[1] (Docket Nos. 5; 8).

On September 23, 2008, shortly after the Complaint was filed, the Government filed an Indictment in this same case, charging Defendant with Conspiracy to Possess/Distribute a Controlled Substance (Count One). (Docket No. 11). A Superseding Indictment was filed on October 29, 2008, charging Defendant with Conspiracy to Possess/Distribute a Controlled Substance (Count One) and Possession with Intent to Distribute (Count Twenty-five). (Docket No. 101). Neither indictment included the unlawful entry charge from the Complaint.

---

[1] The Court ordered her release after the August 26, 2009 hearing, as discussed in more detail below.

REPORT & RECOMMENDATION - 1

On August 26, 2009, the Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement.  The Plea Agreement required the Defendant to plead guilty to the Complaint's misdemeanor charge of unlawful entry and the Government to dismiss the charges in the Superseding Indictment. (Docket No. 318).  The parties requested that this Court accept the Defendant's plea to the unlawful entry charge and proceed directly to sentencing without preparation of a Presentence Investigation Report.

At the change of plea hearing, this Court expressed concern that Federal Rule of Criminal Procedure 11 requires the Court to make an assessment as to whether or not the Plea Agreement should be accepted because part of what the Court considers is whether the agreement adequately reflects the totality of a defendant's conduct.  (Tr.[2], pp. 5-6).  The Court explained that it may be the District Court's province to determine whether to accept or reject a plea agreement providing for dismissal of felony charges pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).  (*See, e.g.*, Tr., pp. 20-21).  The Court's hesitation to find that a Magistrate Judge has authority to make this determination is based on the Federal Rules of Criminal Procedure, the United States Sentencing Commission's advisements, and the statute setting forth the jurisdiction of Magistrate Judges, 28 U.S.C. § 636.

The parties' Plea Agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), which provides that a plea agreement may specify that the Government will: "(A) not bring, or will move to dismiss, other charges; [and/or] (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is

---

[2] "Tr." refers to the transcript of hearings held on August 26, 2009.  (Docket No. 345).

REPORT & RECOMMENDATION - 2

appropriate."  Rule 11(c)(3) allows the Court to accept an agreement made under subsection A, "*reject it*, or defer a decision until the court has reviewed the presentence report."  (Emphasis added).  *See also In re Vasquez-Ramirez*, 443 F.3d 692, 695 n.3 (9th Cir. 2006) (citing Fed. R. Crim. P. 11(c)(1)(A) and explaining that "[o]ne type of agreement that the court can reject is a 'charge bargain'").

The United States Sentencing Guidelines' Policy Statement on Standards for Acceptance of Plea Agreements provides:

> In the case of a plea agreement that includes the dismissal of any charges or an agreement not to pursue potential charges (Rule 11(c)(1)(A)), the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines.

U.S.S.G. §6B1.2(a).[3]

Although the crime charged in the Complaint is a Class B misdemeanor for which the Court need not consider the Sentencing Guidelines,[4] the Superseding Indictment charges felony crimes to which the Sentencing Guidelines apply.  Thus, at the time set for the change of plea hearing, two of the pending charges (those contained in the Superseding Indictment) were subject to the Guidelines.

---

[3] *See, e.g., United States v. Smith*, 417 F.3d 483, 487 (5th Cir. 2005) (applying a former version of Rule 11 in a Guidelines case to determine that "the district court did not abuse its discretion in concluding that the plea agreement did not adequately reflect the seriousness of the offense, was unduly lenient, and would not meet the objectives of sentencing given [the defendant's] extensive criminal history, persistent criminal conduct, and large number of victims").

[4] U.S.S.G. §1B1.9 (providing that the Sentencing Guidelines do not apply to any count of conviction that is a Class B misdemeanor).

REPORT & RECOMMENDATION - 3

In light of the Court's expressed concern about its authority to accept the Plea Agreement considering the requirements of Rule 11 and the Sentencing Guidelines, the Court recessed the change of plea hearing to allow the Government time to follow-through on its suggestion that it dismiss the felony charges in the Superseding Indictment, leaving only the misdemeanor charge in the case. (Tr., p. 12). On August 26, 2009, the Honorable B. Lynn Winmill entered an Order granting the Government's Motion to Dismiss. (Docket No. 336). However, the Government sought dismissal based on the Plea Agreement's terms. (Docket No. 335). Invoking the Plea Agreement's terms contemplates, as part of the requested dismissal, that the district court should make an assessment under Rule 11 and Guideline § 6B1.2(a) as to whether the remaining misdemeanor charge adequately reflects the seriousness of the actual offense behavior and, in turn, whether the Plea Agreement should be accepted. Dismissing a charge as part of a "charge bargain" under Rule 11(c)(1)(A) is something different than dismissing a charge under Federal Rule of Criminal Procedure 48(a), which allows the Government to, "*with leave of court*, dismiss an indictment, information, or complaint." (Emphasis added).

On this issue, the commentary to Sentencing Guideline §6B1.2(a) is instructive. It states:

> If the government's motion to dismiss charges or statement that potential charges will not be pursued is not contingent on the disposition of the remaining charges, the judge should defer to the government's position except under extraordinary circumstances. Rule 48(a), Fed. R. Crim. P.[5]  *However, when the dismissal of charges or agreement not to pursue potential charges is contingent on acceptance of a plea agreement, the court's authority to adjudicate guilt and impose sentence is implicated, and the court*

---

[5] The Court's discretion to deny a Rule 48 motion is limited to situations in which "the motion [is] clearly contrary to manifest public interest." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000) (internal quotation marks and citation omitted).

REPORT & RECOMMENDATION - 4

>     *is to determine whether or not dismissal of charges will undermine
>     the sentencing guidelines*.

(Emphasis added).[6] The latter is the case here. The Government's motion sought dismissal under a plea agreement requiring it to dismiss the charges in the Superseding Indictment, contingent on the Defendant's acceptance of the plea agreement and entry of a guilty plea to the Complaint's charge. The District Court's order of dismissal contained no information stating that the District Court had made a determination under Rule 11 and/or U.S.S.G. §6B1.2(a). (*See* Tr., pp. 17-19). Thus, in an abundance of caution, this Court determined that it should proceed in a manner to allow the District Court to make this determination, if the District Court agrees that Magistrate Judges lack authority to decide whether to accept a plea agreement requiring dismissal of felony charges.

Additionally, because the Defendant had been incarcerated far longer than the maximum term for the misdemeanor crime to which she plead guilty (i.e., six months), the Court also provisionally sentenced the Defendant (Tr., p. 49),[7] subject to the District Court's review of whether this Court had authority to accept the Plea Agreement (a necessary precursor to entering

---

[6] Of note in this respect is the Ninth Circuit Court of Appeals' explanation that, although it is a proper judicial function to view the sentence resulting from a defendant's plea agreement "as not in the best interest of society, given [a defendant's] criminal history and the circumstances of the offense charged," a district court should not make a "further decision that the [lesser] charge itself [is] too lenient," because this intrudes into the charging decision, a function "generally within the prosecutor's exclusive domain." *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (citation and internal quotation marks omitted).

[7] Pursuant to 28 U.S.C. § 636(a)(4), a United States Magistrate Judge has the power to enter sentence for a petty offense, such as the Class B misdemeanor charge contained in the Complaint. *See* 18 U.S.C. §§ 19 & 3571 (defining the term "petty offense" to include a Class B misdemeanor for which the maximum fine is no greater than, at present, $5,000).

REPORT & RECOMMENDATION - 5

sentence).[8]  The sentence committed the Defendant to the custody of the Bureau of Prisons for a term of six months with credit for time served and imposed a special assessment of ten dollars, but imposed no fine because the Court determined that the Defendant does not have the ability to pay a fine.  (Tr., p. 49).  The Court also directed the Marshal to release the Defendant from custody at the earliest opportunity following completion of any necessary processing.  The Court also released the Defendant from detention pursuant to 18 U.S.C. § 3143, should the District Court determine that it is the proper court to consider whether to accept the plea agreement.

This Court contemplated that it would enter a judgment on the sentence orally stated at the hearing if: (1)  the District Court finds that a Magistrate Judge has jurisdiction to determine whether to accept or reject a plea agreement under Federal Rule of Criminal Procedure 11(c), when that agreement contemplates dismissal of felony criminal charges (charges for which Magistrate Judges lack jurisdiction to accept guilty pleas and enter sentence), or (2) the District Judge determines that the Plea Agreement should be accepted under Rule 11 and the Sentencing Guidelines' policy statement.

As an alternative, if the District Court determines that a Magistrate Judge lacks this authority, the Court determined that it would enter a Report and Recommendation recommending that the District Court accept the plea agreement and either sentence the

---

[8]  If the Court rejects a plea agreement it must advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea before proceeding to sentencing.  Fed. R. Crim. P. 11(c)(5).

REPORT & RECOMMENDATION - 6

Defendant accordingly or direct this Court to enter a judgment consistent with the sentence imposed at the hearing.[9]

## RECOMMENDATION

Based upon the foregoing, this Court recommends:

1. The District Court amend its order of dismissal (Docket No. 336) to dismiss only the charges in the Superseding Indictment and not "the above-captioned matter," so it is clear that the charge in the Complaint remains for the Court to impose judgment and sentence upon.

2. The District Court determine whether the Magistrate Judge had authority to (a) accept the Plea Agreement requiring dismissal of two felony charges, and (b) find that the remaining misdemeanor charge adequately reflected the seriousness of the offense.

3. If the District Court finds the Magistrate Judge lacked authority to accept or reject the Plea Agreement, it adopt the Magistrate Judge's recommendation that the Plea Agreement be accepted because the misdemeanor charge adequately reflects the seriousness of the offense behavior, and that the District Court either sentence the

---

[9] The Court accepted the Defendant's guilty plea at the hearing. (Tr., p. 41). Although the Court also indicated at the hearing that it would make an alternative recommendation to the District Court as to whether the plea should be accepted as knowing and voluntarily made, upon review of relevant case law and rules, the Court determines that Magistrate Judges have authority to accept a plea of guilty to a Class B misdemeanor charge, even if the question remains open as to whether a Magistrate Judge has authority to accept a plea agreement that requires dismissal of felony charges under Federal Rule of Civil Procedure 11(c)(1)(A). *See* Fed. R. Crim. P. 58(b)(3)(A) (providing that a Magistrate Judge make take a defendant's plea in a petty offense case). Pleas and plea agreements must be treated distinctly; "Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *In re Vasquez-Ramirez*, 443 F.3d 692, 695 n.3 (9th Cir. 2006) (quoting *United States v. Hyde*, 520 U.S. 670, 674 (1997)). Accordingly, the Court has omitted from this report any recommendation that the District Court accept the Defendant's guilty plea, as that plea has already been properly accepted.

REPORT & RECOMMENDATION - 7

Defendant in accord with the terms of that agreement or refer the matter to this Court for entry of judgment upon the sentence provisionally imposed at the August 26, 2009 hearing.



DATED: **September 8, 2009**.

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

REPORT & RECOMMENDATION - 8