IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                            )<br>                        Plaintiff,        )<br>                                                            )<br>            v.                                           )<br>                                                            )<br> MAIRA LENA MEDINA-VILLA,     )<br>                                                            )<br>                        Defendant.      )<br> _____) | Case No. CR-08-240-E-BLW<br><br>**ORDER ON<br>REPORT AND<br>RECOMMENDATION** |

The Court has before it a Report and Recommendation filed by the United States Magistrate Judge. (Docket No. 361). On August 26, 2009, Defendant Maira Lena Medina-Villa appeared before the Magistrate Judge to enter a change of plea and sentencing pursuant to a written plea agreement. In the plea agreement, Defendant agreed to plead guilty to the sole misdemeanor count of unlawful entry charged in the Complaint (Docket No. 1) filed September 15, 2008, and the Government agreed to dismiss two felony drug counts against Defendant charged in the Superseding Indictment (Docket No. 101) filed October 29, 2008. The Superseding Indictment did not include the unlawful entry charge from the Complaint.

At the hearing on August 26, 2009, the parties requested that the Court accept Defendant's plea to the unlawful entry charge and proceed directly to

**Order On Report and Recommendation - 1**

sentencing, without preparation of a Pre-Sentence Investigation Report. The Magistrate Judge expressed concern that it may be the District Court's province to determine whether to accept a plea agreement providing for dismissal of felony charges as part of a "charge bargain" under Federal Rule of Criminal Procedure 11(c)(1)(A), and under 28 U.S.C. § 636.

In an effort to enable the proceedings to move forward, the Government filed a Motion (Docket No. 335) to dismiss the above-captioned matter pursuant to the plea agreement. The Order, signed by this Court, granted the motion, but because it invoked the plea agreement, did not alleviate the concerns raised by Magistrate Judge Bush regarding satisfaction of Rule 11(c)(1)(A).

Although the Sentencing Guidelines did not apply to the Class B misdemeanor charged against Defendant in the Complaint, Judge Bush expressed a concern that the Guidelines do apply to the felony charges the Government agreed to dismiss as part of the charge bargain plea agreement with Defendant. The United States Sentencing Guidelines' Policy Statement on Standards for Acceptance of Plea Agreements provides:

> In the case of a plea agreement that includes the dismissal of any charges . . . (Rule 11(c)(1)(A)), the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing

**Order On Report and Recommendation - 2**

guidelines.

U.S.S.G. § 6B1.2(a).

Whether acceptance of the plea agreement will undermine the statutory purposes of the sentencing guidelines is a determination that the District Court must render.  The Magistrate Judge conducted a thorough inquiry of the parties, enabling full consideration of the issue by this Court based on the proceedings from August 26, 2009.  *See Transcript of Proceedings* (Docket No. 345).

Based on statements by the Government in those proceedings the Court finds, based upon the Defendant's cooperation with authorities and mitigating circumstances learned after Defendant's indictment, that the misdemeanor charge of unlawful entry adequately reflects the seriousness of Defendant's actual offense behavior.  *Transcript* (Docket No. 345) at 43-44.  Accordingly, the Court finds that acceptance of the plea agreement does not undermine the statutory purposes of the sentencing guidelines.

The Magistrate Judge conducted a plea hearing regarding the sole count of unlawful entry in the Complaint (Docket No. 1) and concluded there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences.  No objections to the Report and Recommendation have been filed.

**Order On Report and Recommendation - 3**

The Court has reviewed the record, and finds that the requirements of Rule 11 have been met.  *See United States v. Reyna-Tapia,* 328 F.3d 1114 (9th Cir. 2003).  Specifically, the Court finds that the Magistrate Judge adhered to the requirements of Rule 11(b); that under Rule 11(b)(2), the Defendant's plea was voluntary and not the result of force or threats or promises apart from the plea agreement; and that a factual basis for the plea exists.  *See id.*

In light of the above findings and conclusions

NOW THEREFORE IT IS HEREBY ORDERED that the Order (Docket No. 336) is amended to dismiss only the charges in the Superseding Indictment (Docket No. 101), and not the "above-captioned matter."

IT IS FURTHER ORDERED that the Magistrate Judge's recommendation that the Plea Agreement (Docket No. 318) be accepted because the misdemeanor charge adequately reflects the seriousness of the offense behavior is hereby ADOPTED as the decision of the District Court and incorporated fully herein by reference.

Accordingly, IT IS FURTHER ORDERED that Defendant is sentenced in accord with the terms of the Plea Agreement (Docket No. 319) and with the provisional sentence imposed August 26, 2009.

**Order On Report and Recommendation - 4**



DATED:  **October 15, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order On Report and Recommendation - 5**